30920. MARTIN *v.* COOK, revenue commissioner.

DECIDED JULY 12, 1945.   REHEARING DENIED JULY 25, 1945.

*Wesley R. Asinof,* for plaintiff in error.

*T. Grady Head, attorney-general, Victor Davidson,* and *C. M. Dobbs, assistant attorneys-general, Rubye G. Jackson,* contra.

PARKER, J.   This was an action of trover brought by Fred H. Martin against J. Eugene Cook, revenue commissioner for the State of Georgia, for a quantity of tax-paid whisky, alleged to be worth $1680, seized by revenue agents of the State.   The case was tried by a judge, without the intervention of a jury, upon the following stipulation and agreed statement of facts:   "That Fulton County is a wet county.   That on the date set out in the petition the defendant was State Revenue Commissioner of Georgia and through the agents of the Revenue Department of Georgia seized the liquor, described in the answer to the petition and of the value as stated, as contraband at plaintiff's place of business in Fulton County, Georgia.   That the liquor in question had all the required revenue ·stamps attached thereto.   That plaintiff is not a licensed liquor dealer.   That he purchased in Fulton County the greater part of this liquor from a man who had received it as a stock dividend, but who was not a licensed liquor dealer or licensed manufacturer. That the remainder of the whisky was bought for plaintiff in Fulton County by negroes working for him in the lottery business. That the plaintiff has recently been convicted of operating a lottery business, and it is stipulated that he acquired this whisky for the purpose of giving it away to salesmen of lottery or 'bug' tickets and their customers in order to increase his lottery business.   It is stipulated further than plaintiff did not possess the particular whisky for the purpose of sale and if he should obtain possession of it will not sell it.   That the plaintiff during 1944 operated a garage at the place where the liquor was seized.   That on several

different occasions considerable quantities of whisky had been seen at this place of business. That on one occasion, about six months previous to the seizure of the whisky described in the petition, certain agents of the Revenue Department of Georgia followed a truck which was loaded with whisky at this place of business and left said place of business with the whisky and said agents seized this truck in DeKalb County, Georgia, a dry county, and found contraband whisky in the truck. That a short time before the whisky described in the petition was seized an agent of the Revenue Department of Georgia saw an employee of plaintiff obtain several cases of whisky from a retail store and place it in plaintiff's truck. The agent followed him to plaintiff's place of business where he carried the whisky. That when the negro, who had gotten the whisky and placed it in the truck, was asked about the whisky the negro stated that it belonged to the plaintiff and that there was a man coming after it. That the whisky admitted in the answer of defendant was seized at plaintiff's place of business in Fulton County, Georgia, by defendant, as State Revenue Commissioner, and has been stored in a State liquor warehouse for the State of Georgia, and when seized was in cases which had never been opened. That plaintiff was arrested twenty times before the sale of whisky was legalized in Georgia, charged with selling whisky, but that he has paid only one fine wherein he was charged with selling whisky since the sale was legalized and that was seven years ago. That a lot of times some of his friends left whisky at his place of business to be picked up and hauled away later by other parties. Three of such friends had whisky stores. They would not put it in the garage but leave it in the driveway, and other persons would carry it away. It is further agreed between the parties that the only issues in this case are whether under the evidence and the pleadings which may be amended by either party: 1. Was the whisky seized unlawfully? 2. Does the plaintiff have the right under the laws of Georgia, the evidence and the pleadings to recover the whisky which is admitted to have been seized in this action of trover?"

The court rendered the following judgment: "This is a bail-trover proceeding in which the plaintiff is seeking to recover approximately forty-five cases of tax-paid whisky which were seized by the defendant, J. Eugene Cook as State Revenue Commissioner

and which are now held by him as contraband. The evidence in this case, which is in the form of stipulations, shows without contradiction that plaintiff purchased the whisky from an unlicensed dealer,—that he was recently convicted of operating a lottery business, and that he acquired this whisky for the purpose of giving it to 'bug' ticket salesmen in order to increase his lottery business. The courts of this State have uniformly declined to allow their processes to be used to further the maintenance of crimes and public evils. For the court to award the whisky involved in this case to the plaintiff would amount to assisting the plaintiff in pursuing an illegal enterprise, as the court must conclude the whisky will be used for the purposes for which it was purchased, as there is no evidence to the contrary. This court can not give its sanction to such a state of affairs, and the court holds that the seizure by the defendant in this case was authorized and justified." The plaintiff's motion for new trial on the general grounds was overruled and he excepted.

The judgment of the trial court was correct. Section 17 of the act approved February 3, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 103, Ga. Code Ann., § 58-1065), provides in part: "The authority to seize as contraband distilled spirits and alcohol as set out herein shall extend to counties where the sale and possession of the same is made legal by this chapter or any of its amendments where such liquors, distilled spirits, or alcohol *are sold contrary to the provisions hereof.*" (Italics ours.) Section 29 (Ga. Code Ann., § 58-1080) forbids the sale of more than two quarts per day to any one purchaser, in that such a sale is made a misdemeanor; and Section 21 (Ga. Code Ann., § 58-1070) forbids the selling or giving away of liquors to induce trade or for the purpose of evading the liquor laws, in that such conduct is likewise made a misdemeanor. Section 19 (Ga. Code Ann., § 58-1068), declares that trafficking in liquors is a privilege and not a right. It seems clear that the legislative intent was that liquors would be handled only in the manner provided in the statute (through licensed dealers) and that any handling otherwise than in such a 'manner would be contrary to the statute. Under the stipulated facts, it is clear that the plaintiff acquired the liquor in a manner not in keeping with the statutory provisions and that the use to which

he put it and contemplates putting it is contrary to the intent and directions of the statute.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*